UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANGEL CORDERO,

        Plaintiff,

vs.

                9:01-CV-590
                (TJM/GJD)

C.O. CRAFT, Corrections Officer,

        Defendant.

---

ANGEL CORDERO, Plaintiff *Pro Se*

JOEL L. MARMELSTEIN, ESQ., AAG, for Defendant

## ORDER

The above referenced action has been pending in this court since April of 2001. During November of 2001, a scheduling order was issued which contained a discovery deadline of May 31, 2002. (Dkt. No. 11). During March of 2002, plaintiff requested and this court granted his request to extend the discovery deadline to July 16, 2002. (Dkt. No. 21). During October of 2002, plaintiff requested additional time to file a motion to compel and that request was granted, extending the motion to compel deadline to November 29, 2002. (Dkt. No. 24). On that same day, plaintiff filed a motion to compel discovery. (Dkt. No. 25). On November 13, 2002, this court stayed the dispositive motion deadline pending this court's decision on plaintiff's motion to compel. (Dkt. No. 29). On April 7, 2003,

this court denied plaintiff's motion to compel, declared that discovery was closed, and extended the dispositive motion filing deadline to June 30, 2003.

The Docket Sheet shows many entries rejecting submissions by plaintiff for his failure to serve opposing counsel. Despite numerous rejection orders and the scheduling order which directed plaintiff to serve opposing counsel, plaintiff has consistently failed to show that he has served opposing counsel with copies of papers submitted to this court. (See Docket entries 19, 22, 35, 37, 38, 41, 42, 51, 52, 54, and 56).

On March 11, 2004, the Honorable Thomas J. McAvoy, Senior District Judge, adopted this court's Report-Recommendation denying plaintiff's summary judgment motion. (Dkt. No. 57). A telephone conference was held with the plaintiff and the attorney for defendants on August 17, 2004 and this court directed that both sides submit Witness and Exhibit Lists. (Dkt. No. 66). The Witness List by defendant Craft was submitted on September 7, 2004. (Dkt. No. 67). Plaintiff's Witness List was submitted two days later on September 9, 2004. (Dkt. No. 68).

Pursuant to a request, another telephone conference was held with plaintiff and the attorney for defendants on January 27, 2005. At that conference this court confirmed that the case is trial ready (Dkt. No. 78) and thereafter referred this case to a District Judge for trial. (Dkt. No. 79).

During late May, 2005, this court received a handwritten letter from the plaintiff which shows that a copy was sent to Assistant Attorney General Marmelstein at his office in Utica, New York. (Letter, p. 9). In this undated letter received during late May, 2005, plaintiff complains of several things. Plaintiff complains first that he did not get a copy of the Witness List submitted by AAG Marmelstein. Plaintiff also states that he has no knowledge of the seven attachments submitted by AAG Marmelstein.

This court has reviewed defendant's proposed Witness List, the attachments, and the Affidavit of Service which shows that the plaintiff, Angel Cordero, was served with a copy of these documents on September 7, 2004. Attachments 1 through 7 listed on the Docket Sheet are **not** seven separate documents. The attachments submitted under the "phrase" "attachments 1 through 7" are defendant's proposed trial Exhibits D-1 through D-20.

It is unclear whether plaintiff is confused because Exhibits D-1 through D-20 were electronically filed with the court and when that occurred were named as "attachments 1 through 7". (See Dkt. No. 67). Since the exhibits clearly have an Affidavit of Service attached to them showing that plaintiff was served on September 7, 2004, this court will assume that plaintiff received copies of proposed Exhibits D-1 through D-20. Nevertheless, this court will direct the Clerk to forward a copy of defendant's Exhibit List which is three pages and which

clearly describes each exhibit, D-1 through D-20. If plaintiff is missing any of those exhibits, he should communicate directly with AAG Marmelstein and request an additional copy of any exhibit he does not have.

Plaintiff also complains in his letter that the defendant has not mailed copies of motions, exhibits, and discovery to the plaintiff **that have been submitted to the court.** (Emphasis added). There is no basis in the record for this statement since plaintiff has never raised this issue before and plaintiff has responded to documents served on him.

Plaintiff's next complaint is that this court rejected his request for Production of Documents since "discovery is not filed with the court". In the Northern District of New York, discovery documents are *not* filed with the court. Plaintiff **filed a motion to compel** and **that motion was decided** by this court on April 7, 2003 (Dkt. No. 37).

Plaintiff's also complains that he can not adequately prepare his case since he does not have all the materials in this action. It is unclear precisely what plaintiff may be referring to since he has been served with motions, and the most recent Affidavit of Service shows that he was served with defendant's Exhibits D-1 through D-20.

Finally, plaintiff requests an attorney to "review discovery" and also requests an interpreter for trial. These requests have been considered and an

clearly describes each exhibit, D-1 through D-20. If plaintiff is missing any of those exhibits, he should communicate directly with AAG Marmelstein and request an additional copy of any exhibit he does not have.

Plaintiff also complains in his letter that the defendant has not mailed copies of motions, exhibits, and discovery to the plaintiff **that have been submitted to the court.** (Emphasis added). There is no basis in the record for this statement since plaintiff has never raised this issue before and plaintiff has responded to documents served on him.

Plaintiff's next complaint is that this court rejected his request for Production of Documents since "discovery is not filed with the court". In the Northern District of New York, discovery documents are *not* filed with the court. Plaintiff **filed a motion to compel** and **that motion was decided** by this court on April 7, 2003 (Dkt. No. 37).

Plaintiff's also complains that he can not adequately prepare his case since he does not have all the materials in this action. It is unclear precisely what plaintiff may be referring to since he has been served with motions, and the most recent Affidavit of Service shows that he was served with defendant's Exhibits D-1 through D-20.

Finally, plaintiff requests an attorney to "review discovery" and also requests an interpreter for trial. These requests have been considered and an

clearly describes each exhibit, D-1 through D-20. If plaintiff is missing any of those exhibits, he should communicate directly with AAG Marmelstein and request an additional copy of any exhibit he does not have.

Plaintiff also complains in his letter that the defendant has not mailed copies of motions, exhibits, and discovery to the plaintiff **that have been submitted to the court.** (Emphasis added). There is no basis in the record for this statement since plaintiff has never raised this issue before and plaintiff has responded to documents served on him.

Plaintiff's next complaint is that this court rejected his request for Production of Documents since "discovery is not filed with the court". In the Northern District of New York, discovery documents are *not* filed with the court. Plaintiff **filed a motion to compel** and **that motion was decided** by this court on April 7, 2003 (Dkt. No. 37).

Plaintiff's also complains that he can not adequately prepare his case since he does not have all the materials in this action. It is unclear precisely what plaintiff may be referring to since he has been served with motions, and the most recent Affidavit of Service shows that he was served with defendant's Exhibits D-1 through D-20.

Finally, plaintiff requests an attorney to "review discovery" and also requests an interpreter for trial. These requests have been considered and an

attorney will be appointed for the trial of this case *when that trial is scheduled.* **Once plaintiff has been appointed counsel, he may *not* make any motions since that will be the responsibility of his trial counsel.** The record in this case shows many unnecessary submissions by plaintiff which simply clog the record, make it confusing, and cause unnecessary work for the court.

WHEREFORE, it is hereby

ORDERED, that the Clerk serve a copy of this Order on the plaintiff. The Order has as an attachment a three-page Exhibit List of the defendant's proposed exhibits for trial, and it is further

ORDERED, that all of plaintiff's other requests are **DENIED** as either premature or unnecessary.

Dated: July 14, 2005

_____
United States Magistrate Judge

United States District Court
For The Northern District of New York

Case No. 01-CV-0590  Cordero vs. Craft
Date: _____
Presiding Judge: _____

( ) Plaintiff    (X) Defendant    ( ) Court

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| D-1 | | | | | Plaintiff's November grievance |
| D-2 | | | | | Memo Assigning grievance for investigation |
| D-3 | | | | | HIV waiver |
| D-4 | | | | | Plaintiff's statement with translation |
| D-5 | | | | | Internal Movement History Angel Cordero |
| D-6 | | | | | Internal Movement History Gustave Rodriguez |

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| D-7 | | | | | Internal Movement History Jose Morales |
| D-8 | | | | | Internal Movement History Darrell Thomas |
| D-9 | | | | | Photographs-D-2 block |
| D-10 | | | | | CO Craft's Memo |
| D-11 | | | | | Memo: Segato to Ambrosino |
| D-12 | | | | | Memo: Ambrosino to Relf |
| D-13 | | | | | Memo: Relf to Marshall |
| D-14 | | | | | Marshall's Response to grievance with appeal notice |
| D-15 | | | | | CORC decision |

| Exhibit No. | Marked for Identification | Admitted Into Evidence | Remarks | Witness | Exhibit Description |
|---|---|---|---|---|---|
| D-16 | | | | | Grievance 7/13/01 |
| D-17 | | | | | Memo: Craft to Kellam |
| D-18 | | | | | Memo: Kellam to IGRC |
| D-19 | | | | | Memo: Dire to Hoxie |
| D-20 | | | | | Acknowledgment of Service |
| | | | | | |
| | | | | | |
| | | | | | |